UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CERTIFIED COLLECTIBLES GROUP,
LLC, NUMISMATIC GUARANTY
CORPORATION OF AMERICA,
CERTIFIED GUARANTY COMPANY LLC
and PAPER MONEY GUARANTY, LLC,

        Plaintiffs,

v.                                             Case No. 19-cv-1962-SDM-AEP

GLOBANT, LLC, GLOBANT S.A., and
JOHN DOE ENTITIES 1 THROUGH 5,

        Defendants.
_____/

**ORDER**

This cause comes before the Court upon Plaintiffs Certified Collectibles Group, LLC, Numismatic Guaranty Corporation of America, Certified Guaranty Company LLC, and Paper Money Guaranty, LLC's (collectively, "CCG") Motion for Sanctions Pursuant to Rule 37 ("Motion") (Doc. 95) against Defendants Globant, LLC, Globant S.A., and John Doe Entities 1 through 5 (collectively, "Globant") and Globant's Response in Opposition thereto (Doc. 102). Initially, CCG filed a motion to compel (Doc. 59) seeking better and more complete responses to its first set of interrogatories ("First Interrogatory Responses") and requests for production, which Globant responded to in opposition (Doc. 65). On August 31, 2020, the undersigned held a hearing on the motion to compel. During

the hearing, which lasted more than two hours, the undersigned provided both parties with ample opportunity to present their arguments and particularly, for CCG to express its concerns regarding the deficiencies in Globant's interrogatory responses. Following the hearing, the undersigned issued an order (the "Order") granting in part and denying in part CCG's motion to compel and specifically detailing what Globant was required to do to cure the deficiencies (Doc. 79).

On September 21, 2020, Globant served its First Amended Responses ("First Amended Responses") to CCG's interrogatories and on December 3, 2020, served its Second Amended Responses ("Second Amended Responses"). CCG now seeks the imposition of evidentiary and monetary sanctions against Globant (Doc. 95). Namely, by the instant Motion, CCG seeks the entry of an order deeming Globant to have not responded at all to CCG's interrogatories, waiving Globant's objections, and preventing Globant from introducing certain evidence pertaining to the interrogatory topics at trial or on dispositive or other motions for Globant's alleged failure to comply with the Order (Doc. 79). CCG also requests that Globant be required to pay CCG's reasonable costs in connection with the Motion to Compel, the two follow-up status conferences, the instant Motion, and CCG's other purported efforts to obtain the discovery that CCG places at issue.

The Court recognizes that the parties requested an oral argument on the Motion, however, the Court is familiar with the record and finds it unnecessary for the parties to expend additional time and resources on a hearing pertaining to matters that have been adequately briefed and/or previously discussed before this

Court.  After considering the Motion, the response thereto, and the prior hearings held in this matter, the Court finds it appropriate that CCG's Motion be granted in part and denied in part.  Specifically, CCG is awarded fees and costs incurred in bringing its Motion to Compel (Doc. 59).  However, the undersigned finds that sanctions are not warranted at this time for any conduct after the motion to compel hearing.  Specifically, no sanctions are warranted as to Globant's First Amended Responses to CCG's Interrogatories and Globant's Second Amended Responses to CCG's Interrogatories.

For the reasons stated in the August 31, 2020 hearing and further outlined in this Court's August 31, 2020 Order, Globant's First Interrogatory Responses were woefully deficient.  Rule 37(a)(5)(A) states that if a motion to compel is granted or if the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to compel, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).  However, the court must not order payment if: (i) the movant filed the motion without attempting in good faith to confer with the opposition; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, for the reasons discussed at the August 31, 2020 hearing, none of the exceptions to Fed. R. Civ. P. 37(a)(5)(A) apply.  Specifically, exceptions two and

3

three are the only exceptions potentially applicable in this instance, but neither are satisfied. As to exception two, Globant failed to establish that its deficiencies were substantially justified. The extent to which Globant's First Interrogatory Responses differ from its First Amended Responses and Second Amended Responses provide further indication regarding the deficiency of the First Interrogatory Responses. Therefore, the second exception to the rule does not apply. Moreover, the third exception has not been satisfied in this instance, as Globant fails to show that any circumstances exist that would make an award of expenses unjust for the time period preceding the Order. Therefore, an award to CCG of its attorney's fees and costs in bringing its motion to compel are appropriate.

The undersigned finds that since the August 31, 2020 hearing, Globant has complied with the Order, operated in good faith and expended significant effort to cure the discovery deficiencies discussed at the hearing. Rule 37(b)(2)(A) states that evidentiary sanctions may be awarded if a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Further, Rule 37(b)(2)(B) states that if a party fails to obey a discovery order, the court must order the disobedient party, the attorney advising that party, or both, to pay the movant's reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(B). Here, CCG contends that Globant's Amended Responses to Interrogatory Nos. 4, 5, 7, 8, 16, 17, and 18 are improper. However, whether the responses are proper for purposes of a motion for sanctions depends on whether the responses comply with

the Court's Order. For the reasons discussed below, the undersigned finds that the First Amended Responses comply with the Order.

First, CCG states that the First Amended Responses to Interrogatory Nos. 4 and 5 are deficient. These interrogatories asked Globant to identify all individuals who worked on the project and state their role. CCG claims that Globant's responses to these interrogatories are deficient because Globant failed to identify Alejandro Scannapieco ("Scannapieco") as someone who performed work on the project, despite other available facts indicating otherwise. Globant admits that it inadvertently failed to disclose Scannapieco in its First Interrogatory Responses and First Amended Responses to Interrogatory Nos. 4 and 5. Globant claims that this inadvertent mistake was made because Scannapieco had a management role over the entire US East Sales Region for Globant and thus, was not involved in the day-to-day management of the project, nor did he enter time to the project in the "Glow" software used to track employees assigned to specific projects. This mistake appears unintentional and to have since been cured by Globant's Second Amended Responses to CCG's interrogatories. Moreover, Globant identified Scannapieco in response to other interrogatories, thus indicating that his omission was not done for nefarious purposes.

Additionally, CCG complains that Globant identified numerous other individuals as potential custodians of responsive ESI but omitted some of those individuals in its First Amended Responses to Interrogatory Nos. 4 and 5. Globant explained that it objected to the breadth of the interrogatory and included only

5

individuals that had material involvement in the project, as opposed to those with de minimis involvement. Globant then subsequently withdrew its objection and supplemented its response to Interrogatory No. 4 to include individuals with less than material involvement that were otherwise excluded in the initial and Amended Responses. Despite all of this, CCG fails to identify how such conduct constitutes a failure by Globant to comply with the Order. For these reasons, sanctions are not warranted as to Globant's responses to Interrogatory Nos. 4 and 5.

Interrogatory No. 7, as amended by the Order, requested that Globant identify any ERP projects that its consultants worked on in the last two years. Globant's First Amended Response states:

> Subject to the foregoing and without waiver thereof, [Globant] responds based on a reasonable and good faith consideration of information within its possession, custody, or control that it has not identified projects designated as ERP projects to which the referenced employees were assigned at [Globant]. [Globant] further responds that based on a reasonable and good faith consideration of information within its possession, custody, or control that it is unable to identify projects worked on by PointSource employees prior to the company's acquisition and [Globant's] response therefore reflects only prior work by employees of [Globant].

CCG argues that this response is deficient because it is vague, refers to a time period prior to the PointSource acquisition, and fails to explain Globant's efforts made to obtain the information. Although Globant admits that this response could have included additional clarification, the response complies with the Order. Moreover, Globant supplemented the response in its Second Amended Responses to provide additional clarification and detail. Specifically, the Second Amended Response to Interrogatory No. 7 provides that subject to two qualifications, none of the

6

employees identified in response to Interrogatory No. 4 had ever worked on an ERP implementation in the two years prior to the project. Globant also states names of the specific employees that are no longer associated with Globant, the general considerations that are made when staffing employees to projects, including the instant project, and other responsive information. Globant appears to be engaging in good faith efforts to provide sufficient responses and meet CCG's demands. Therefore, the undersigned finds that sanctions are not warranted for Globant's responses to Interrogatory No. 7.

Interrogatory No. 8, which is largely similar to Interrogatory No. 7, requested that Globant state the "level of experience and knowledge of ERP implementations" for the 39 consultants identified in Globant's responses to Interrogatory Nos. 1 and 4. As to this interrogatory, the Order required that Globant provide documents in compliance with Rule 33(d) or provide amended responses. CCG contends that Globant's response is deficient because Globant responded by allegedly producing only 15 non-responsive resumes and not providing any response for the other 24 consultants. However, for the reasons set forth regarding Interrogatory No. 7 and the additional reasons stated below, the undersigned finds that Globant complied with the Order by providing a narrative response and by identifying responsive documents.

First, Globant deleted its reference to Rule 33(d) and instead, provided narrative responses via incorporation of its response to Interrogatory No. 7. This response complies with the Order, as it includes the information available to

7

Globant regarding whether its employees had knowledge and experience regarding ERP implementation. Second, Globant identified the Bates numbers of available resumes. In the Second Amended Responses, Globant recognized its continuing obligation to supplement its response as it uncovers additional resumes and also, identified the software that contains these documents

CCG further contends that these resumes are not responsive, but the undersigned disagrees. Although these documents may not provide all of the information CCG seeks, such documents are nevertheless responsive and shed light on employees' work experience. For all these reasons, the undersigned finds that Globant's response to Interrogatory No. 8 complies with the Order and that sanctions are not warranted.

Interrogatory Nos. 16 and 17 requested information regarding alleged risks and functional gaps that Globant identified on the project. Interrogatory No. 18 requested that Globant describe in detail the testing it performed on the ERP solution. For all three of these interrogatories, the Order required that Globant either provide documents in compliance with Fed. R. Civ. P. 33(d) or provide amended responses to these requests. In its First Amended Responses to Interrogatory Nos. 16 and 17, Globant identified Bates numbers "GLLC-0000187 through GLLC-0000651" as documents that identify aspects of the software under developments that required additional work or modification and thus, indicate potential functional gaps, risks, or areas of concern. This complies with the Court's

8

Order. Moreover, Globant supplemented its responses in its Second Amended Responses to provide the following detailed response:

> Subject to the foregoing and without waiver thereof, to the extent CCG seeks information concerning risk that were communicated to CCG, that information is within the possession, custody, and control of CCG. For example, CCG escalated a couple concerns regarding velocity during the life of the project and added new requirements. [Globant] raised a concern that the lack of product definitions from the customer side (CCG) was resulting in issues over the scope of the Project. Moreover, pursuant to Fed. R. Civ. P. 33(d), [Globant] states that facts regarding aspects of the software under development that, at a given point in time, required additional or continued work or modification are reflected in the documents bearing Bates numbers GLLC-0000187 through GLLC-0000651 and that GLLC will produce additional documents from which further information responsive to this interrogatory may be derived, which are in the process of being reviewed. [Globant] will supplement its response to this interrogatory to specify the Bates numbers of such documents. [Globant] notes that the parties are still negotiating search terms and custodians for an ESI pull and to date [Globant] has collected over 6.5 million documents that are in the process of being reviewed. Such documents, which will be identified with specify in a timely manner once reviewed will include JIRA tickets, including the ticket submitted, who worked on the ticket, the status of the ticket and also e-mails with Plaintiff's regarding Project Status.

Since Globant has complied with the Order and made additional good faith efforts to meet its discovery obligations, including supplementing its responses, sanctions are not warranted at this time.

Lastly, in its first amended response to Interrogatory No. 18, Globant identified Bates numbers "GLLC-0000652 through GLLC-0000666" as documents that are responsive to Interrogatory No. 18. Moreover, Globant added the following in its Second Amended Responses:

> GLLC is collecting and will produce additional documents, which will include among other documents the Test Plan executed for the

> Project, JIRA tickets submitted for the project, which required the attention of the teams, the result and status of those JIRA tickets and will supplement this Interrogatory to identify the Bates numbers of such documents. JIRA was the tool by which issues would be identified on the Project. GLLC may produce additional documents from which information responsive to this interrogatory may be derived, which are in the process of being reviewed, including testing results and status which is information which will be derived on the face of the documents. GLLC will supplement its response to this interrogatory to specify such documents. GLLC notes that the parties have not yet agreed on search terms or custodians to collect from and as of the date of these responses it has collected over 6.5 million documents that are in the process of being reviewed.

Again, although these responses may not completely satisfy the demands of CCG, they comply with the Court's Order and thus, do not warrant sanctions pursuant to Fed. R. Civ. P. 37(b)(2).

Here, it is clear that Globant has complied with the directives of this Court. To the extent that CCG believes that any deficiencies not covered by the Order still exist, Globant has expressed its willingness to work through such disputes and otherwise act in good faith. Since the August 31, 2020 hearing, Globant has taken numerous steps to cure its discovery deficiencies, comply with the Order, and otherwise provide good faith responses. These steps include staffing new counsel on the matter, providing detailed descriptions as to each employee's job roles and responsibilities, dates of employment, identifying which employees are associated with which entities, indicating whether Globant has identified any employees that had prior ERP implementation experience, and otherwise providing information useful to CCG and in compliance with the Order. Moreover, to the extent Globant

still relies on Fed. R. Civ. P. 33(d), Globant has identified specific Bates numbers of documents responsive to such interrogatories.

Contrarily, Globant states that its new counsel, on numerous occasions, expressed its willingness to meet-and-confer with counsel for CCG to clarify the discovery sought by CCG and attempt to minimize discovery disputes and resolve issues outside of motion practice, yet CCG's counsel declined these offers and proceeded with filing its Motion anyways (Doc. 102). Such conduct is disfavored. Cooperation between the parties is a touchstone to ensure the just, speedy, and inexpensive resolution of any action as prescribed by Fed. R. Civ. P. 1. Here, the parties' initial efforts to work effectively and efficiently together have not been optimal. However, the Court is confident given recent efforts that the parties are capable of working cooperatively together. Regardless, the message should be clear for all that dilatory tactics will not be tolerated and will be appropriately resolved under the Rules of Procedure.

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (Doc. 95) is GRANTED IN PART AND DENIED IN PART.

2. Globant shall pay CCG its fees and costs incurred by CCG in bringing its Motion to Compel (Doc. 95). To the extent that the parties cannot agree upon the amount of fees and costs, the Court will determine the appropriate amount of fees and costs to be awarded at later date after the Parties present argument on the issue.

DONE AND ORDERED in Tampa, Florida, on this 14th day of January, 2021.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record